Mr. Larry Norris, Director Arkansas Department of Correction P.O. Box 8707 Pine Bluff, AR 71611-8707
Dear Mr. Norris:
This is in response to your request for an opinion on the classification of offenders who receive community punishment sentences under Subchapter 12 of Chapter 93 of Title 16 of the Arkansas Code and who thereafter receive incarceration sentences to be served with the Department of Correction. Your question is whether time spent at the Department of Community Punishment counts as a prison term (an incarceration), that is, whether offenders who come to the Department of Correction with prior probationary Community Punishment sentences in their records are first or second "termers" with the Department of Correction for purposes of calculating their eligibility for parole, which is now subsumed within the definition of community punishment. A.C.A. § 16-93-1202(b)(14) (1993 Cum. Supp.).[1]
It is my opinion that the hypothetical offender you ask about would be a first termer with the Department of Correction because a "probation plus" sentence would not be an incarceration under § 16-93-1202(g), which defines incarceration as a commitment to the Department of Correction. The hypothetical offender would first be in the custody of the Department of Community Punishment, not the Department of Correction. See, e.g.,
A.C.A. §§ 16-93-1202(b)(1), (d), -1205(b), -1207(a)(1)(D) (1993 Cum. Supp.).[2] Only when the hypothetical offender violates the terms of his or her probation and is given a judicial transfer or "regular commitment" to the Department of Correction under § 16-93-1206(b)(2)(C) and (b)(3) does it appear that he or she becomes incarcerated as a termer at the Department of Correction.
A contrary view would seem to be at odds with the purposes of Community Punishment. The Community Punishment scheme established by the General Assembly was designed, in part, to relieve the public fisc of the burden of incarcerating offenders whom would ordinarily be imprisoned but whom can be effectively punished without the cost of traditional incarceration. A.C.A. § 16-93-1201, -1204 (1993 Cum. Supp.).
Finally, I note that whether the Department of Correction considers the hypothetical offender a first or second termer does not seem to fit within the legislative scheme for transfer to community punishment. The hypothetical offender will necessarily be an offender subject to §16-93-1301(c) (1993 Cum. Supp.) and transfer must be done in accordance with § 16-93-1302 under the rules and regulations promulgated by the Board of Correction and Community Punishment and conditions set by the Post Prison Transfer Board.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General David R. Raupp.
Sincerely,
WINSTON BRYANT Attorney General
WB:DRR/cyh
[1] As I understand it, your question concerns offenders who receive "probation plus," that is a probation sentence under A.C.A. §16-93-1206(b)(1) (1993 Cum. Supp.), and does not concern offenders already incarcerated in the Department of Correction who are eligible for transfer under subchapter 13.
[2] Under § 16-93-1207(a) an offender may be initially committed to the Department of Correction with judicial transfer to the Department of Community Punishment, but the hypothetical offender is not such an offender. Should the hypothetical offender violate the terms of probation, however, he or she may be committed to the Department of Correction or committed to the Department of Correction with judicial transfer to the Department of Community Punishment under §16-93-1206(b)(2). Inmates on transfer status are in "the legal custody of the Department of Correction, under the supervision of the Department of Community Punishment, and subject to the orders of the Post Prison Transfer Board." A.C.A. § 16-93-1302(e).